TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
International Narcotics,
    Money Laundering and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667
    Facsimile: (213) 894-0141
    E-mail: ian.yanniello@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>LOTH BOUNLOM,<br><br>    Defendant. | No. CR 20-482-SB-1<br><br>PLEA AGREEMENT FOR DEFENDANT LOTH BOUNLOM |

1.    This constitutes the plea agreement between LOTH BOUNLOM ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Bounlom, et al., CR No. 20-482-SB, which charges defendant with Conspiracy to

Distribute Controlled Substances, namely Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).

        b.    Not contest facts agreed to in this agreement.

        c.    Abide by all agreements regarding sentencing contained in this agreement.

        d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

        a.    Not contest facts agreed to in this agreement.

        b.    Abide by all agreements regarding sentencing contained in this agreement.

        c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level,

pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 924(c) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 12 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range (including whether to apply U.S.S.G. § 2D1.11(b)(1)), the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Conspiracy to Distribute Controlled Substances, namely Methamphetamine and Cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A), the following must be true: (1) there was an agreement between two or more persons to distribute a controlled substance; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that (1) the conspiracy charged in count one involved at least 50 grams of actual methamphetamine or at least five kilograms of a mixture and substance containing a detectable amount of cocaine; and (2) the type and corresponding amount of drugs fell within the scope of defendant's agreement or could reasonably have been foreseen to be a necessary or natural consequence of defendant's unlawful

agreement. Defendant admits that the conspiracy charged in count one, in fact, involved at least 50 grams of actual methamphetamine and at least five kilograms of a mixture and substance containing a detectable amount of cocaine, and that these drug types and quantities fell within the scope of defendant's agreement and could reasonably have been foreseen to be a necessary or natural consequence of defendant's unlawful agreement.

## **PENALTIES**

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846 and 841(a)(1), as charged in count one of the Indictment, pursuant to Title 21, United States Code, Section 841(b)(1)(A), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 846 and 841(a)(1), as charged in count one of the Indictment, pursuant to Title 21, United States Code, Section 841(b)(1)(A), is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

8. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for

all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

**FACTUAL BASIS**

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of

facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown, and continuing through on or about September 17, 2020, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant and his co-conspirators conspired and agreed with each other to knowingly and intentionally distribute various controlled substances including at least 50 grams of actual methamphetamine. Defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose. Specifically, defendant and his co-conspirators, including Co-Conspirator 2, would purchase children's toys and baby products which the co-conspirators used to conceal narcotics, including methamphetamine. After concealing the drugs inside the toys and other products, defendant and Co-Conspirator 2 created shipping labels and packaged the drugs inside shipping parcels. Defendant and his co-conspirators then mailed the drug parcels to foreign countries, including Japan, New Zealand, Australia, and China.

In furtherance of the conspiracy and to accomplish its objects, between February 11, 2019 and September 17, 2020, defendant took the following actions, among others:

- On or about February 11, 2019, defendant dropped off a parcel containing approximately 1,482 grams of methamphetamine concealed inside a "Discovery -- Wonders of Learning" children's toy and arranged for it to be shipped to New Zealand from a UPS store located in Walnut, California.

- On or about July 23, 2019, defendant dropped off a parcel containing approximately 1,473.9 grams of methamphetamine concealed inside a "Head Hackers" children's game and arranged for it to be shipped to Japan from a UPS store located in Fontana, California.

- On or about October 14, 2019, defendant dropped off a parcel containing approximately 2,662.8 grams of methamphetamine concealed inside children's toys and arranged for it to be shipped to Japan from a UPS store located in Alhambra, California.

- On or about April 20, 2020, defendant dropped off a parcel containing approximately 1,990.3 grams of a mixture and substance containing a detectable amount of cocaine concealed inside a children's board game and arranged for it to be shipped to China from a freight forwarding company located in Industry, California.

- On or about April 23, 2020, defendant dropped off a parcel containing an "Avengers Black Panther Slash Claw" and approximately 1,000 grams of a mixture and substance containing a detectable amount of cocaine concealed inside a "Black Panther" children's toy and arranged for it to be shipped to China from a freight forwarding company located in the Industry, California.

- On or about June 1, 2020, at a residence in Diamond Bar, California, defendant and Co-Conspirator 2 packaged and concealed methamphetamine for the purpose of shipping the methamphetamine to New Zealand.

- On or about June 1, 2020, defendant dropped off a parcel containing approximately 2,157.2 grams of methamphetamine concealed inside various baby products and arranged for it to be shipped to New Zealand from a UPS store located in Glendora, California.

- On or about June 5, 2020, defendant dropped off a parcel containing approximately 1,894.7 grams of methamphetamine concealed inside baby products and shampoo bottles and arranged for it to be shipped to New Zealand from a UPS store located in Glendora, California.

- On or about June 16, 2020, defendant and Co-Conspirator 2 caused the shipment of a parcel containing approximately 1.97 kilograms of a mixture and substance containing a detectable amount of methamphetamine concealed

inside various baby products to the intended destination of Australia from a shipping store located in or around Las Vegas, Nevada.

- On or about July 8, 2020, defendant purchased various children's toys, including a Disney Princess Style Collection Play Suitcase Travel Set, from a Target store located in Diamond Bar, California and used these toys to package and conceal drugs for shipments to foreign countries.
- On or about July 9, 2020, defendant dropped off a parcel containing approximately 1,000 grams of a mixture and substance containing a detectable amount of cocaine concealed inside a "USS Missouri" toy battleship and arranged for it to be shipped to China from an AAE Global Express shipping center located in Monterey Park, California.
- On or about July 10, 2020, defendant dropped off a parcel containing approximately 1,997.5 grams of a mixture and substance containing a detectable amount of cocaine concealed inside children's toys, including a Disney Princess Style Collection Play Suitcase Travel Set, and arranged for it to be shipped to China from an AAE Global Express shipping center located in Monterey Park, California.
- On or about July 14, 2020, defendant or a co-conspirator shipped a parcel containing at least 47.2 grams of methamphetamine concealed inside baby products to New Zealand from an AAE Global Express shipping center located in Monterey Park, California.
- On or about September 8, 2020, defendant used the alias "Binh Chi" and counterfeit identification to lease a storage unit at the Walnut CubeSmart.
- On or about September 17, 2020, inside the storage unit leased by defendant at the Walnut CubeSmart, defendant and Co-Conspirator 2 possessed approximately 6.4 kilograms of methamphetamine that they intended to distribute.

At all relevant times, defendant knew he and his co-conspirators were shipping large quantities of methamphetamine and cocaine.

## **SENTENCING FACTORS**

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                           38              U.S.S.G. §§ 2D1.1(a)(5)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel — and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel — and if necessary have the Court appoint counsel — at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 35 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

21. The USAO agrees that, provided all portions of the sentence are at or above any applicable statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty

plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this

agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation

and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA
TRACY L. WILKISON
Acting United States Attorney

*/s/ Ian V. Yanniello*　　　　　　　　　　　　June 28, 2021
IAN V. YANNIELLO　　　　　　　　　　　　　Date
Assistant United States Attorney

*/s/ Loth Bounlom*　　　　　　　　　　　　　June 24, 21
LOTH BOUNLOM　　　　　　　　　　　　　　Date
Defendant

*/s/ James R. Tedford, II*　　　　　　　　　　6-25-21
JAMES R. TEDFORD, II.　　　　　　　　　　Date
Attorney for Defendant LOTH BOUNLOM

## CERTIFICATION OF DEFENDANT

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my

attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

*[signature]*          June 24, 21
LOTH BOUNLOM          Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LOTH BOUNLOM's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

*[signature]*          6-25-21
JAMES R. TEDFORD, II.          Date
Attorney for Defendant LOTH BOUNLOM